IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| SNB Properties, | ) | C/A No. 1:22-cv-02158-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| CMH Homes, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff SNB Properties' ("Plaintiff") Motion to Remand ("Motion"). [ECF No. 7.] For the reasons below, the court grants the Motion, remands the matter to the Court of Common Pleas for Aiken County, and is therefore without jurisdiction to decide Defendant's Motion to Dismiss and Compel Arbitration and Plaintiff's Motion or Extension of Time to File Response/Reply.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed the above-captioned action against Defendant CMH Homes, Inc. ("Defendant") on May 22, 2022. [ECF No. 1-1.] Plaintiff's action concerns several different lots of real property located in Aiken County, South Carolina. Plaintiff sold one of the lots, Lot 3, to Defendant. *Id.* ¶ 8. Plaintiff claims Defendant contracted to sell Lot 3 to a third party and place a manufactured home on Lot 3 even though Plaintiff never permitted Defendant to place a manufactured home on the property. *Id.* ¶¶ 9, 18. After Defendant sold Lot 3 to the third party, Plaintiff became aware that the manufactured home was placed on Lot 4 instead of Lot 3. *Id.* ¶ 12. Although Plaintiff contracted to sell Lots 4 and 5A to a purchaser, Plaintiff claims it could not sell Lots 4 and 5A "due to the encroachment." *Id.* ¶¶ 14-15. Plaintiff claims the property "has

1

been rendered unmarketable," and seeks to recover damages for Defendant's purported negligence. *Id.* ¶¶ 16, 19-22.

Plaintiff does not specify a sum of damages it seeks to recover, but seeks actual damages, punitive damages, attorneys' fees and costs, and "such other and further relief as this Court may deem just and proper." *Id.* at Prayer for Relief.

Defendant removed the action to this court on July 7, 2022, on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441. [ECF No. 1.] Defendant asserts the parties are completely diverse and that "the amount-in-controversy requirement for diversity jurisdiction is satisfied" because "Plaintiff seeks actual damages, punitive damages, attorneys' fees, and costs of litigation." *Id.* at 2-3.

On July 14, 2022, Plaintiff filed its Irrevocable Stipulation of Damages. [ECF No. 6.] In its filing, Plaintiff stipulates as follows: (1) it irrevocably stipulates that the amount-in-controversy does not exceed $75,000; (2) it will at no time move to amend its complaint to seek an amount in excess of $75,000; and (3) it will not attempt to collect on any judgment rendered in excess of $75,000 in the event a verdict is rendered exceeding that amount. *Id.* Plaintiff moved to remand right after filing its Stipulation. [ECF No. 7.] Plaintiff's sole challenge to the removal is that the amount-in-controversy does not exceed $75,000, as evidenced by the stipulation. *Id.*

Defendant opposes the Motion. [ECF No. 8.] Defendant argues Plaintiff's demand for actual damages, attorneys' fees and costs of litigation, and punitive damages makes it a "legal certainty," or at least a "reasonable probability," that the amount-in-controversy requirement was met when Defendant removed the action. Defendant also argues Plaintiff sought a determinate amount of damages in its complaint, rendering Plaintiff's post-removal stipulation an impermissible attempt to amend its complaint and oust this court of jurisdiction.

Plaintiff replied on August 2, 2022, disputing Defendants' characterization of its complaint and the stipulation. [ECF No. 10.] Plaintiff argues its demand for relief was "ambiguous at best" and that the stipulation is a permissible clarification of an ambiguous complaint.

With the Motion fully briefed, the matter is ripe for resolution by the court.[1]

### LEGAL STANDARD

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Diversity of citizenship is one statutory basis for federal jurisdiction. 28 U.S.C. § 1332. If diversity jurisdiction exists in a state-court pleading, it may be removed pursuant to 28 U.S.C. § 1441. *See also* 28 U.S.C. § 1446 (requiring a defendant "desiring to remove any civil action from a State court" to file "a notice of removal . . . containing a short and plain statement of the grounds for removal"); *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003) ("Typically, an action initiated in a state court can be removed to [federal court] only if it might have been brought in federal court originally.") (internal quotation marks omitted). For the district court to have subject matter jurisdiction, there must be complete diversity between the parties, and the matter in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); 28 U.S.C. § 1441.

When a defendant removes a case to federal court, he bears the burden of establishing jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). The weight of the burden differs depending on whether removal is challenged. The "notice of removal . . . need only *allege* federal jurisdiction with a short plain statement." *Id.* at 297. If removal is challenged,

---

[1] The court has thoroughly reviewed the parties' submissions and the applicable case law. It finds the motion suitable for disposition without oral argument. *See* Local Civil Rule 7.08 (D.S.C.).

however, "the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Id.* In assessing whether removal is proper, this court must "construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Thus, "[i]f federal jurisdiction is doubtful, remand is necessary." *Mulcahey*, 29 F.3d at 151.

## DISCUSSION

There is no dispute that the parties are completely diverse. The only dispute between the two is whether the amount-in-controversy requirement is met. The court concludes it is not.

For a court to have diversity jurisdiction over a matter, the amount in controversy must "exceed[ ] the sum or value of $75,000." 28 U.S.C. § 1332. Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). If the amount in controversy is plainly stated in the complaint, "[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Put another way, under *Saint Paul*, a plaintiff may not reduce or change his demand for damages through stipulation to defeat jurisdiction once an amount has been stated. *See Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255 (4th Cir. 2002) ("[I]t is black-letter law that the conditions that create diversity jurisdiction . . . need *not* survive through the life of the litigation.").

The Fourth Circuit has not opined on the effect of a post-removal stipulation in a case in which the initial complaint does not specify an amount of damages. Courts in this district, as well as "various jurisdictions," however, "have found that a post-removal stipulation that damages will

4

not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint rather than a post-removal amendment of the plaintiff's complaint." *Carter v. Bridgestone Ams., Inc.*, No. 2:13-cv-0287, 2013 WL 3946233, at *1–*2 (D.S.C. July 13, 2013) (citation omitted); *Stanley v. Auto-Owners Ins. Co.*, 423 F. Supp. 3d 225, 229 (D.S.C. 2019) (collecting cases); *Sanders v. Progressive Direct Ins. Co.*, No. 9:20-cv-2480, 2020 WL 5017855, at *3 (D.S.C. Aug. 25, 2020) ("Following well-established district precedent, the court interprets Sanders's stipulation as a clarification of the amount of damages sought in his complaint.")

In this case, Plaintiff's complaint does not specify whether it seeks more or less than $75,000 in total damages from Defendant. [ECF No. 1-1.]. Thus, the court must determine whether the stipulation is permissible clarification of an ambiguous complaint.

Defendant states it is not. It argues that the amount in controversy, as gleaned "from the complaint and materials referenced and incorporated into the complaint," is determinate enough that it is "a legal certainty," or at least "within a reasonable probability" that the amount in controversy requirement is satisfied. [ECF No. 8 at 3.] Defendant also argues that Plaintiff's stipulation cannot oust this court or jurisdiction because Plaintiff does, in fact, seek a determinate amount of damages in its complaint by referencing and incorporating the sales contract for Lots 4 and 5A. *Id.* at 6-7. The court is not persuaded by either of Defendant's arguments.

Defendant concedes Plaintiff "did not demand an express amount of damages in its complaint." *Id.* at 3. Nonetheless, Defendant notes Plaintiff references a contract for the sale of Lots 4 and 5A and incorporates that contract into its complaint.[2] *Id.* Defendant identifies the sales price for Lots 4 and 5A as $23,500 and concludes that "Plaintiff seeks $23,500 in actual damages."

---

[2] Although Plaintiff did not attach the contract to its complaint, Defendant attached the contract as an exhibit to its opposition to the Motion. [ECF No. 8-1.]

5

*Id.* Defendant argues that this sum, coupled with Plaintiff's request for punitive damages, demonstrate that the amount in controversy, "as this case stood at the time of removal," exceeds $75,000, and that removal is proper.

Defendant is correct that punitive damages "must be included in the calculation of the amount in controversy." *Mattison v. Wal-Mart Stores, Inc.*, 6:10-cv-01739, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011). But courts in this district have established that the mere "existence of a claim for punitive damages" will not "establish to a 'legal certainty' or 'reasonable probability' that the amount in controversy exceeds $75,000." *Murray v. Progressive N. Ins.*, 2:21-cv-03148, 2022 WL 42813, at *2 (D.S.C. Jan. 5, 2022) ("no reason that the punitive damages sought in this case are more certain to be awarded than those in preceding cases that found that requests for punitive damages were indeterminate"); *see also Brown v. VSC Fire & Sec., Inc.*, 4:15-05031, 2016 WL 1600126, at *3 (D.S.C. April 20, 2016) ("a request for punitive damages will not necessarily preclude remand for failure to establish the amount in controversy required to exercise federal jurisdiction."); *Hagood v. Electrolux Home Prods., Inc.*, 8:06-1799, 2006 WL 1663804, at *2 (D.S.C. June 15, 2016) ("[I]t was never the intent of Congress for the federal courts to exercise jurisdiction over every state case in which punitive damages have been pled and the parties are of diverse citizenship."); *Spann v. Style Crest Prods., Inc.*, 171 F. Supp. 2d 605, 610 (D.S.C. 2011) ("Given the general preference against removal . . . jurisdiction should not rest upon the metaphysical possibility of such an award of punitive damages."). The punitive damages Plaintiff seeks here do not appear to be any more determinate than the punitive damages sought in these cases.

Defendant nonetheless stresses the importance of Plaintiff's request for punitive damages and urges the court to adopt the reasoning of other courts in this district that "denied motions to

remand and found the jurisdictional amount established based on similar facts." [ECF No. 8 at 4.] But in those cases, punitive damages made up only some of the total damages the plaintiff sought. *See, e.g.*, *Hermanson v. Bi-Lo, LLC*, 3:20-cv-03956, 2021 WL 4147113 (D.S.C. August 31, 2021) (denying motion to remand based on pre-suit demand letter seeking $50,000 for settlement, medical expenses exceeding $10,908, medical expenses for physical therapy, significant pain and suffering, loss of enjoyment of life, inconvenience, and mental and emotional distress, and actual and consequential damages, punitive damages, and costs); *Meadows v. Nationwide Mut. Ins. Co.*, 1:14-cv-04531, 2015 WL 3490062 (D.S.C. June 3, 2015) (denying motion to remand where plaintiff alleged seven causes of action and requested actual and compensatory damages, treble damages, punitive damages, and attorney's fees and costs); *Mattison v. Wal-Mart Stores, Inc.*, 6:10-cv-01739-JMC, 2011 WL 494395 (D.S.C. Feb. 4, 2011) (denying motion to remand where plaintiff alleged extensive damages and sought actual damages, treble damages, punitive damages, and attorney's fees). Plaintiff seeks only "actual damages caused by Defendant's negligent conduct," punitive damages, attorney's fees and costs, and any other relief the court deems proper." [ECF No. 1-1 at Prayer for Relief.] Plaintiff does not seek treble damages. It does not seek relief for multiple causes of action. It does not allege extensive damages. In sum, the cases that Defendant relies on concern claims and damages too dissimilar to this matter to be persuasive. Defendant has failed to establish to a "legal certainty" or "reasonable possibility" that the amount in controversy exceeds $75,000.

Having found that Defendant has not established to a legal certainty or reasonable probability that the amount in controversy requirement is met, the court turns to Plaintiff's stipulation. As Defendant concedes, Plaintiff does not expressly state a specific sum of damages in its complaint. The court thus interprets the stipulation as a clarification of the amount of

7

damages Plaintiff seeks. *See Stanley*, 423 F. Supp. 3d at 229; *Murray*, 2022 WL 42813, at *3. Plaintiff "irrevocably" stipulates that the amount in controversy in this case does not exceed $75,000. [ECF No. 6.] Plaintiff further stipulates that it will not amend its complaint to seek an amount exceeding $75,000 and will not attempt to collect on any judgment rendered exceeding $75,000. *Id.* Courts in this district have routinely found such formal stipulations unequivocal and binding enough to clarify the amount of damages sought by a plaintiff. *See, e.g.*, *Stanley*, 423 F. Supp. 3d at 230 (plaintiff stipulated that should the state court award a judgment in excess of $75,000, the plaintiff would not accept more or seek to collect more); *Murray*, 2022 WL 42813, at *5 (plaintiffs stipulated that their damages would not exceed $75,000, and the defendant did not show that the limitation was inaccurate or made in bad faith); *Carter*, 2013 WL 3946233, at *3 ("The Court interprets Plaintiff's statements in her notarized affidavit as to the amount in controversy as a stipulation, clarifying the total amount of damages sought by her Complaint is not more than $60,000.00.").

The court is not persuaded by Defendant's attempts, though well-argued, to distinguish the stipulation from the substantively identical stipulation approved of by the *Stanley* court. Defendant argues that because Plaintiff "stated that it seeks damages from the lost sale of Lot 4 and 5A," Plaintiff "seeks a determinate amount of actual damages—$23,500—plus punitive damages, regardless of whether it is expressly stated in the complaint." [ECF No. 8 at 5.] Defendant concludes Plaintiff's complaint is "therefore unambiguous and not subject to clarification by a post-removal stipulation." *Id.* Defendant relies on two cases in support of this argument. Both are readily distinguishable. In *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530 (D.S.C. 1999), the court denied the plaintiff's motion to remand where the plaintiff clarified the amount of damages he might recover after the defendant removed the action to federal court. But

8

the plaintiff in that case expressly "refused to agree" to "stipulate that he would not seek damages in excess of $75,000." *Id.* at 533. Instead, the plaintiff "merely asserted that the amount in controversy did not exceed the jurisdictional limit at the time of removal." *Id.* Plaintiff has done the exact opposite in this case.

Defendant's reliance on *Meadows* is also unavailing. In that case, the court declined to interpret a post-removal stipulation as a permissible clarification where the court had "a demand letter with a quantifiable amount that, *when considered in conjunction with the claims asserted in Plaintiff's complaint*, exceeds the $75,000.00 required for diversity jurisdiction." *Meadows*, 2015 WL 3490062, at *5 (D.S.C. June 3, 2015) (emphasis added). The court has no demand letter before it and is unaware of any express demand for damages from Plaintiff. And even if the court were to liken the sales contract to a demand letter, the *Meadows* court considered the demand letter alongside the other claims before it. *See also Murray*, 2022 WL 42813, at *4 (finding the only conclusion that could be drawn from a pre-suit demand letter is that "at minimum, the [plaintiffs'] claim is for <u>at least</u> $49,000, and noting that the damages for the remainder of the plaintiffs' claims are indeterminable, and the plaintiffs did not request a specific amount for those claims "that takes the matter past the $75,000 threshold with legal certainty). At most, the contract provides *some* evidence that Plaintiff *could* seek at least $23,500. But the amount of damages plaintiff will seek in connection with its claim for punitive damages are, for the reasons stated above, far too uncertain to conclude that Plaintiff's complaint is unambiguous.

The court thus accepts Plaintiff's stipulation as a clarification that the amount in controversy does not—and will not ever—exceed $75,000. Plaintiff will be bound by this stipulation post-remand. It cannot recover, and cannot seek to recover, more than $75,000 in actual

9

and punitive damages. The court is thus without subject matter jurisdiction over the claims and must remand this matter to state court.

## CONCLUSION

In accordance with the foregoing, Plaintiff SNB Properties' Motion to Remand, ECF No. 7, is **GRANTED**. The above-captioned matter is **REMANDED** to the Court of Common Pleas for Aiken County, South Carolina.

As a result, the undersigned is without jurisdiction to hear and decided Defendant's Motion to Dismiss and Compel Arbitration, ECF No. 5, and Plaintiff's Motion for Extension of Time to File Response/Reply, ECF No. 11, and they will be left to the state court for resolution.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

December 28, 2022
Columbia, South Carolina

10